| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

**District of Delaware**
(State)

Case number *(if known)*: _____    Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's Name**

10800 Assembly Park Dr LLC

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**

N/A

**4. Debtor's address**

**Principal place of business**

9000 Cypress Waters Blvd.
Number        Street

Coppell                TX      75019
City                      State    Zip Code

Dallas County
County

**Mailing address, if different from principal place of business**

Number        Street

P.O. Box

City                      State    Zip Code

**Location of principal assets, if different from principal place of business**

Number        Street

City                      State    Zip Code

**5. Debtor's website (URL)**

www.athome.com

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify:

Debtor    **10800 Assembly Park Dr LLC**                                    Case number *(if known)* _____
         Name

---

**7.  Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4491 – Furniture and Home Furnishings Retailers**

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.   *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.    District _____    When _____    Case number _____
                                         MM/DD/YYYY

          District _____    When _____    Case number _____
                                         MM/DD/YYYY

---

Debtor  **10800 Assembly Park Dr LLC**_____  Case number *(if known)* _____
     Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
| District | **District of Delaware** | When | **06/16/2025** |
| Case number, if known | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number    Street

_____
City    State    Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
    Contact name _____
    Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor    **10800 Assembly Park Dr LLC**                              Case number *(if known)* _____
             Name

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **06/16/2025**
                              MM/ DD / YYYY

✗      **/s/ Jeremy Aguilar**                                    **Jeremy Aguilar**
         Signature of authorized representative of debtor        Printed name

         Title   **Authorized Signatory**

**18. Signature of attorney**       ✗      **/s/ Joseph M. Mulvihill**          Date      **06/16/2025**
                                                  Signature of attorney for debtor                   MM/DD/YYYY

**Joseph M. Mulvihill**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 N. King Street**
Number                          Street

**Wilmington**                                              **Delaware**        **19801**
City                                                                    State              ZIP Code

**(302) 571-6600**                                          **JMulvihill@ycst.com**
Contact phone                                              Email address

**6061**                                          **Delaware**
Bar number                                      State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**

(State)

Case number *(if known)*: _____   Chapter __**11**__

☐ Check if this is an
amended filing

## Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of At Home Group Inc.

- At Home Group Inc.
- 1000 Turtle Creek Drive LLC
- 10460 SW Fellowship Way LLC
- 10800 Assembly Park Dr LLC
- 11501 Bluegrass Parkway LLC
- 12990 West Center Road LLC
- 1376 E. 70th Street LLC
- 15255 N Northsight Blvd LLC
- 1600 East Plano Parkway, LLC
- 1720 N Hardin Blvd LLC
- 19000 Limestone Commercial Dr, LLC
- 1944 South Greenfield Road LLC
- 2016 Grand Cypress Dr LLC
- 2301 Earl Rudder Frwy S LLC
- 300 Tanger Outlet Blvd LLC
- 3002 Firewheel Parkway LLC
- 3015 W 86th St LLC
- 334 Chicago Drive, LLC
- 3551 S 27th Street LLC
- 361 Newnan Crossing Bypass LLC
- 4200 Ambassador Caffery Pkwy LLC
- 4304 West Loop 289 LLC
- 4700 Green Road LLC
- 4801 183A Toll Road, LLC
- 7050 Watts Rd LLC
- 8651 Airport Freeway LLC
- 9570 Fields Ertel Road LLC
- Ambience Intermediate, Inc.
- Ambience Parent, Inc.
- At Home Assembly Park Drive Condominium Association
- At Home Companies LLC
- At Home Gift Card LLC
- At Home Holding II Inc.
- At Home Holding III Inc.
- At Home Procurement Inc.
- At Home Properties LLC
- At Home RMS Inc.
- At Home Stores LLC
- Compass Creek Parkway LLC
- Nodal Acquisitions, LLC
- Rhombus Dev, LLC
- Transverse II Development LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 10800 ASSEMBLY PARK DR LLC, | ) | Case No. 25-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| At Home Properties LLC | 9000 Cypress Waters Blvd. Coppell, TX 75019 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | )    Chapter 11 |
| 10800 ASSEMBLY PARK DR LLC, | )    Case No. 25-_____(___) |
| Debtor. | ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| At Home Properties LLC | 100% |

**Fill in this information to identify the case:**

Debtor name: **At Home Group Inc.**

United States Bankruptcy Court for the District of **Delaware**

Case number (If known):

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | US Bank NA Attn: Tim Williamson US Bancorp Ctr 800 Nicollet Mall Minneapolis, MN 55402 | Att: Tim Williamson Phone: 206.344.4655 Email: tim.williamson@usbank.com | Unsecured Bond Trustee | Contingent Unliquidated Disputed | | | $58,000,000.00 |
| 2 | Brentwood Originals Attn: Keshauna Bryant 3780 Kilroy Airport Way Long Beach, CA 90806 | Att: Keshauna Bryant Phone: 310-6376804 Email: AR@BRENTWOODORIGINALS.COM | Trade | Contingent Unliquidated Disputed | | | $5,339,030.62 |
| 3 | Yotrio Corp Attn: Jason Shih 1100 Coiner Ct City of Industry, CA 91748 | Att: Jason Shih Phone: 626-923-1116 Email: JASON@YOTRIOINT.COM | Trade | Contingent Unliquidated Disputed | | | $3,852,647.41 |
| 4 | Jordan Manufacturing Co, Inc Attn: Mendy Aul 1200 S 6th St Monticello, IN 47960 | Att: Mendy Aul Phone: 1-765-215-1894 Email: mendy.a@jordanmanufacturing.com | Trade | Contingent Unliquidated Disputed | | | $3,592,940.80 |
| 5 | Pillow Perfect Inc Attn: Paul Ratner 318 Bell Park Dr Woodstock, GA 30188 | Att: Paul Ratner Phone: 7709261122 Email: PRATNER@PILLOWPERFECT.COM | Trade | Contingent Unliquidated Disputed | | | $2,887,565.78 |
| 6 | Home Fashions Int'l Attn: Kellie Martin 859 Victory Trail Rd Gaffney, SC 29340 | Att: Kellie Martin Phone: 765-414-1403 Email: kellie.martin@westgatehome.com | Trade | Contingent Unliquidated Disputed | | | $2,188,773.51 |
| 7 | Cui Liu Designs, LLC (Import) Attn: Cui Liu 1845 Butterworth Murray, KY 42071 | Att: Cui Liu Phone: 270-589-8413 Email: Cuiliu@cuiliudesigns.com | Trade | Contingent Unliquidated Disputed | | | $2,035,910.76 |
| 8 | Realty Income Corp Attn: Alic Kelso 11995 El Camino Real San Diego, CA 92130 | Att: Alic Kelso Phone: 858.284.5478 Email: akelso@realtyincome.com | Lease Agreement | Contingent Unliquidated Disputed | | | $1,766,483.36 |
| 9 | Loloi Rugs Attn: Amir Loloi 4501 Spring Valley Rd Dallas, TX 75244 | Att: Amir Loloi Phone: 372-503-5656 Email: Amir.loloi@loloirugs.com | Trade | Contingent Unliquidated Disputed | | | $1,728,875.03 |
| 10 | Transform Holdco LLC Attn: Kirk Williams 5407 Trillium Blvd, Ste B120 Hoffman Estates, IL 60192 | Att: Kirk Williams Phone: 404.441.1570 Email: Kirk.Williams@transformco.com | Lease Agreement | Contingent Unliquidated Disputed | | | $1,470,415.76 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | Euro-Tapis NV Attn: Nico Pappijn Courtensstraat 1 8791 Beveren-Leie Waregem Belgium | Att: Nico Pappijn Phone: 32475421305 Email: nico@eurotapis.be | Trade | Contingent Unliquidated Disputed | | | $1,469,775.05 |
| 12 | Ctm International Giftware Inc Attn: Lucy Scuralli 11420 Albert Hudon Montreal, QC H1G 3J6 Canada | Att: Lucy Scuralli Phone: 5143244200 Email: IDA@CTM-INTER.COM | Trade | Contingent Unliquidated Disputed | | | $1,197,314.52 |
| 13 | Natco Products Attn: David Litner 155 Brookside Ave West Warwick, RI 02893 | Att: David Litner Phone: 401.828.0300 Email: dlitner@natcohome.com | Trade | Contingent Unliquidated Disputed | | | $1,160,281.82 |
| 14 | Japi S/A Industria E Comercio Attn: Paulo Silva Gomes Av Prof Maria Do Carmo Gui Trevo De Itu - Cep, SP 13209-500 Brazil | Att: Paulo Silva Gomes Phone: 551145323332 Email: anna.clara@japi.com.br | Trade | Contingent Unliquidated Disputed | | | $1,135,060.80 |
| 15 | Taizhou Bolvda Craft Co, Ltd (Imp) Attn: Vicky Yang Liangshui Village, Gucheng Linhai City, 130 317000 China | Att: Vicky Yang Phone: 13586137988 Email: yang@china-qinda.com | Trade | Contingent Unliquidated Disputed | | | $1,113,385.14 |
| 16 | Pegasus Home Fashions, LLC Attn: Jessica Amos P.O. Box 290 400 Rte 34 Colts Neck, NJ 07722 | Att: Jessica Amos Phone: 270-952-1840 Email: j.amos@pegasushomefashions.com | Trade | Contingent Unliquidated Disputed | | | $1,002,527.41 |
| 17 | Lumisource, LLC Attn: Irene Lee-Dibenedetto 2950 Old Higgins Rd Elk Grove Village, IL 60007 | Att: Irene Lee-Dibenedetto Phone: 847-699-8988 Email: irenelee@lumisource.com | Trade | Contingent Unliquidated Disputed | | | $1,001,216.87 |
| 18 | Sherwood Southwest, LLC Attn: Patrick O'Brien 400 Title Dr Lewisville, TX 75056 | Att: Patrick O'Brien Phone: 561-866-9408 Email: pobrien@sherwoodbed.com | Trade | Contingent Unliquidated Disputed | | | $997,731.40 |
| 19 | Vereit Operating Partnership LP Attn: Vallerie Cavaness 11995 El Camino Real San Diego, CA 92130 | Att: Vallerie Cavaness Phone: 8582845167 Email: REMITTANCE@REALTYINCOME.COM | Lease Agreement | Contingent Unliquidated Disputed | | | $974,291.69 |
| 20 | Satori Home Ltd Attn: Jason G.R. Moss 1578 Sherman Ave Evanston, IL 60201 | Att: Jason G.R. Moss Phone: 1.847.840.3148 Email: jasonm@satorihomeltd.com | Trade | Contingent Unliquidated Disputed | | | $917,180.19 |

Official Form 204      Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims     

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Seasons (HK) Ltd Attn: Alex Wong 6th Fl, Block A Chung Mei Ctr, 15 Hing Yip St Kwun Tong, KLN Hong Kong | Att: Alex Wong Phone: 85223120110 Email: ALEXWONG@SEASONSLTDGROUP.COM | Trade | Contingent Unliquidated Disputed | | | $893,816.94 |
| 22 | Regal Home Collections, Inc (Dom) Attn: Jimmy Tawil 99 9th St Brooklyn, NY 11215 | Att: Jimmy Tawil Phone: 212-213-3323 Email: jimmy@regalhome.net | Trade | Contingent Unliquidated Disputed | | | $794,553.20 |
| 23 | Xiamen Share-Well Industrial & Trading Corp, Ltd Attn: Pan Pan 5F, No 392 Lin Hou Rd Hu Li Dist, Xiamen, 150 China | Att: Pan Pan Phone: 865925768511 Email: pan@share-well.com | Trade | Contingent Unliquidated Disputed | | | $775,665.56 |
| 24 | Roadie, Inc Attn: Orlando Barnes 7778 Mcginnis Ferry Rd, Ste 270 Suwanee, GA 30024 | Att: Orlando Barnes Phone: 678-554-6645 Email: AR@Roadie.com | Logistics | Contingent Unliquidated Disputed | | | $759,903.53 |
| 25 | National Retail Properties, Inc Attn: Ninibet Balladin P.O. Box 947205 Atlanta, GA 30394-7205 | Att: Ninibet Balladin Phone: 407-540-7506 Email: NINIBET.BALLADIN@NNNREIT.COM | Lease Agreement | Contingent Unliquidated Disputed | | | $724,862.53 |
| 26 | Staples Attn: Andrea Bond P.O. Box 95230 Chicago, IL 60694 | Att: Andrea Bond Phone: 214-683-9567 Email: Andrea.Bond@Staples.com | Trade | Contingent Unliquidated Disputed | | | $710,268.96 |
| 27 | Dior International Ltd Attn: Joey Ko 6/F, 6-7 Wah Wai Ctr 38-42 Au Pui Wan St Fo Tan, Shalin, NT Hong Kong | Att: Joey Ko Phone: 852-26870420 Email: dior@dior.com.hk | Trade | Contingent Unliquidated Disputed | | | $683,468.20 |
| 28 | Js Royal Home USA Inc Imp Attn: Kirk Shipley 13451 S Point Blvd Charlotte, NC 28273 | Att: Kirk Shipley Phone: 704-661-4294 Email: KSHIPLEY@JSROYALHOME.COM | Trade | Contingent Unliquidated Disputed | | | $666,653.69 |
| 29 | Oriental Weavers USA, Inc Attn: Alex Lopes 3252 Dug Gap Rd Dalton, GA 30720 | Att: Alex Lopes Phone: 800.832.8020 Email: alopes@owrugs.com | Trade | Contingent Unliquidated Disputed | | | $618,648.59 |
| 30 | Mohawk Home Attn: Tom Merriman P.O. Box 130 3032 Sugar Valley Rd Sugar Valley, GA 30746 | Att: Tom Merriman Phone: 908.358.4136 Email: Tom_Merriman@mohawkind.com | Trade | Contingent Unliquidated Disputed | | | $595,673.81 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **10800 Assembly Park Dr LLC** |
| United States Bankruptcy Court for the: | **District of Delaware** |
| | (State) |
| Case number (If known): | |

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | **06/16/2025** | ☒ */s/ Jeremy Aguilar* |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Jeremy Aguilar** |
| | | Printed name |
| | | **Authorized Signatory** |
| | | Position or relationship to debtor |

**Official Form 202**           **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## SECRETARY CERTIFICATE

June 15, 2025

The undersigned, Meredith Hampton, as the secretary or the authorized person on behalf of Ambience Parent, Inc. and its direct or indirect affiliates identified on **Exhibit A**, attached hereto (each, a "Company" and, collectively, the "Companies"), hereby certifies as follows:

1.      I am the duly qualified and elected secretary or authorized person on behalf of, as applicable, each of the below Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2.      Attached hereto as **Exhibit B** is a true, complete, and correct copy of the resolutions of the Companies' board of directors or managers (each, a "Governing Body" and, collectively, the "Governing Bodies"), duly adopted at a properly convened and joint meeting of the Governing Bodies of June 15, 2025, in accordance with the applicable limited liability company agreements, operating agreement, bylaws, or similar governing document (in each case as amended or amended and restated) of each Company.

3.      Since their adoption and execution, the resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the resolutions are the only resolutions adopted by the Governing Bodies relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

[*Signature Page Follows*]

IN WITNESS WHEREOF, I have hereunto set my hand on behalf of the Companies as of the date hereof.

By: *Meredith Hampton*

Signed by:
0C62B458F39649D...

Name:  Meredith Hampton

Title:  Authorized Signatory

## Exhibit A

## Companies

| | |
|---|---|
| Ambience Parent, Inc. | 2016 Grand Cypress Dr LLC |
| Ambience Intermediate, Inc. | 2301 Earl Rudder Frwy S LLC |
| At Home Group Inc. | 300 Tanger Outlet Blvd LLC |
| At Home Holding II Inc. | 3002 Firewheel Parkway LLC |
| At Home Holding III Inc. | 3015 W 86th St LLC |
| At Home RMS Inc. | 334 Chicago Drive, LLC |
| At Home Procurement Inc. | 3551 S 27th Street LLC |
| At Home Assembly Park Drive Condominium Association | 361 Newnan Crossing Bypass LLC |
| At Home Companies LLC | 4200 Ambassador Caffery Pkwy LLC |
| At Home Stores LLC | 4304 West Loop 289 LLC |
| At Home Gift Card LLC | 4700 Green Road LLC |
| At Home Properties LLC | 4801 183A Toll Road, LLC |
| 1000 Turtle Creek Drive LLC | 7050 Watts Rd LLC |
| 10460 SW Fellowship Way LLC | 8651 Airport Freeway LLC |
| 10800 Assembly Park Dr LLC | 9570 Fields Ertel Road LLC |
| 11501 Bluegrass Parkway LLC | Compass Creek Parkway LLC |
| 12990 West Center Road LLC | Nodal Acquisitions, LLC |
| 1376 E. 70th Street LLC | Rhombus Dev, LLC |
| 15255 N Northsight Blvd LLC | Transverse II Development LLC |
| 1600 East Plano Parkway, LLC | |
| 1720 N Hardin Blvd LLC | |
| 19000 Limestone Commercial Dr, LLC | |
| 1944 South Greenfield Road LLC | |

## Exhibit B

**Resolutions**

RESOLUTIONS PROPOSED FOR ADOPTION AT A JOINT MEETING OF
AMBIENCE PARENT, INC.
AMBIENCE INTERMEDIATE, INC.
AT HOME GROUP INC.
AT HOME HOLDING II INC., AND
AT HOME HOLDING III INC.


Held on June 15, 2025

---

**WHEREAS**, the members of the (i) board of directors of each entity listed on **Schedule 1**, attached hereto and (ii) board of managers of the entities listed on **Schedule 2** attached hereto (the entities identified on **Schedules 1-2**, the "Companies" and each, a "Company" and a "Filing Entity," and the board of directors or board of managers of each Company, collectively, the "Governing Bodies" and each, a "Governing Body"), hereby adopt the following resolutions effective as of June 15, 2025, pursuant to such Company's limited liability company agreement or bylaws, as applicable (the "Governing Agreement"), and the respective laws of the state or country of formation of each such Company;

**WHEREAS**, the Governing Body of each Company has reviewed and considered (a) certain materials presented by such Company's management team (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities, obligations, and liquidity of such Company, the strategic and financial alternatives available to it, and the effect of the foregoing on each Company's business, (b) certain materials presented by the Company's Management and Advisors regarding that certain restructuring support agreement (as may be amended, supplemented, or modified from time to time, the "Restructuring Support Agreement") and the key terms thereof, and (c) the related matters on and before the date hereof;

**WHEREAS**, the Restructuring Support Agreement contemplates that the Companies will, among other things, file a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code");

**WHEREAS**, each Governing Body has reviewed and considered the materials presented by Management and the Advisors regarding the postpetition credit facilities (the "DIP Financing"), memorialized in the DIP Documents (as defined herein) and other transactions contemplated in the Restructuring Support Agreement;

**WHEREAS**, each Governing Body has had adequate opportunity to consult with Management and Advisors regarding the materials and documentation presented, to obtain additional information, and to fully consider each of the strategic alternatives available to the Companies;

**WHEREAS**, the special committee of Ambience Parent, Inc., Ambience Intermediate, Inc., At Home Group Inc., At Home Holding II Inc., and At Home Holding III Inc. formed on March 28, 2025 (the "Special Committee") has reviewed the Restructuring Support Agreement

and DIP Documents and recommends that the following resolutions and the actions, transactions, and documentation contemplated thereby are advisable and in the best interests of the Companies, their interest holders, their subsidiaries, their creditors, and the other parties in interest; and

**WHEREAS**, following discussion, advice, and analysis from the Companies' Management, Advisors, and the Special Committee, the Governing Bodies have determined that it is advisable and in the best interests of the Companies, their interest holders, their subsidiaries, their creditors, and the other parties in interest to enter into the Restructuring Support Agreement and DIP Documents.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the articles of incorporation and applicable governing documents of the Companies, the Governing Bodies hereby adopt the following resolutions:

1. **Chapter 11 Filing**

**FURTHER RESOLVED**, that in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company (including consideration of its creditors and other parties in interest) that such Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a voluntary petition (a "Bankruptcy Petition", and together with all matters contemplated by the Restructuring Support Agreement, including the DIP Documents, any merger, business combination, reorganization, recapitalization, asset sale, equity sale, or other fundamental transaction contemplated thereby, collectively, the "Restructuring Matters") for relief commencing a case (the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") or other court of competent jurisdiction, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and, in accordance with the requirements of the Governing Agreements of each Governing Body and applicable law, hereby consent to, authorize, approve, confirm, and ratify all actions in connection with the filing of the respective Bankruptcy Petition;

**FURTHER RESOLVED**, that any director, manager, or other duly appointed officer of each Company (the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of such Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business; and

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

### 2.  **Retention of Professionals**

**FURTHER RESOLVED**, that each of the Filing Entities be, and they hereby are, authorized and directed to employ (a) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland"), as restructuring counsel, (b) the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway"), as Delaware restructuring counsel; (c) AlixPartners LLP ("Alix"), as financial advisor, (d) PJT Partners, Inc. ("PJT"), as investment banker, (e) Omni Agent Solutions, Inc. ("Omni"), as noticing and claims agent, and (f) any other legal counsel, accountant, financial advisor, restructuring advisor, or other professional the Authorized Signatories deem necessary, appropriate, or advisable to retain (together with Kirkland, Young Conaway, Alix, PJT, and Omni, the "Retained Professionals") in each case, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of each of the Retained Professionals.

### 3.  **The Restructuring Support Agreement**

**FURTHER RESOLVED**, that in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company, its creditors, and the other parties in interest that each such Company and the other parties thereto enter into the Restructuring Support Agreement (substantially in the form presented to each Governing Body, with such changes as approved by one or more Authorized Signatories, such approval to be conclusively established by such Authorized Signatory's execution and delivery or taking thereof) and that each Company's performance of its obligations under the Restructuring Support Agreement be and hereby is, in all respects, authorized, approved, confirmed, and ratified;

**FURTHER RESOLVED**, that in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company, its creditors, and the other parties in interest, that the Authorized Signatories, acting individually and with full power of substitution, be, and hereby are, authorized, approved, empowered, and directed, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to undertake and enter into the Restructuring Support Agreement (including the DIP Financing) and to consummate the transactions contemplated thereby, including without limitation, the negotiation and documentation of the Restructuring Matters, the incurrence of indebtedness, assumption of obligations, rejection of obligations, sale of the Companies, sale of equity or assets, merger, liquidation, or other transactions contemplated thereby and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto (each in the form and upon the terms as such Authorized Signatory may approve, such approval to be conclusively established by such Authorized Signatory's execution and delivery or taking thereof), and that such Companies' entry into and performance of its obligations in respect thereof, is, in all respects, authorized, approved, confirmed, and ratified; and

**FURTHER RESOLVED**, that each of the Authorized Signatories, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered, and directed,

to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to support or consummate the Restructuring Matters, if confirmed by the Bankruptcy Court, and all transactions contemplated by the Restructuring Support Agreement (including, without limitation, the incurrence of indebtedness, rejection of obligations, sale of the Companies, sale or equity or assets, merger liquidation, or other transactions that may be in furtherance of the Restructuring Matters).

4.  **Cash Collateral, Debtor-In-Possession Financing, and Adequate Protection**

**FURTHER RESOLVED**, to the extent applicable to each Company, in the business judgment of the Governing Bodies, it is desirable and in the best interests of each Company, its stakeholders, its creditors, and other parties in interest to obtain the benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which may be security for certain prepetition secured lenders (the "Prepetition Secured Lenders") party to (i) that certain Asset-Based Revolving Credit Agreement dated as of July 23, 2021 (as amended, supplemented, restated, or otherwise modified prior to the Petition Date, the "Prepetition ABL Credit Agreement"), by and among At Home Group Inc., as borrower, At Home Group Inc.'s subsidiary borrowers from time to time party thereto, Ambience Intermediate, Inc., as holdings, the other guarantors party thereto, Bank of America, N.A., as administrative agent and collateral agent, and the lenders from time to time party thereto, (ii) that certain Term Loan Credit Agreement dated as of July 23, 2021 (as amended, supplemented, restated, or otherwise modified prior to the Petition Date, the "Prepetition Term Loan Agreement"), by and among At Home Group Inc., as borrower, Ambience Intermediate, Inc., as holdings, the guarantors party thereto, Wilmington Trust, National Association (as successor to Bank of America, N.A) as administrative agent and collateral agent, and the lenders from time to time party thereto, (iii) that certain indenture for the 11.50% senior secured notes due 2028 dated as of May 12, 2023 (as amended, supplemented, restated, or otherwise modified prior to the Petition Date, the "Prepetition Cayman Notes Indenture") by and among At Home Cayman, as issuer, the guarantors party thereto, and Wilmington Trust, National Association, as trustee and notes collateral agent; (iv) that certain indenture for the senior secured 7.125%/8.625% Cash/PIK toggle senior secured notes due 2028 dated as of May 12, 2023 (as amended, supplemented, restated, or otherwise modified prior to the Petition Date, the "Prepetition Exchange Notes Indenture") by and among At Home Group Inc., as issuer, the guarantors party thereto, and Wilmington Trust, National Association, as trustee and notes collateral agent; (v) that certain indenture for the senior secured 4.875% senior secured notes due 2028 dated as of July 12, 2021 (as amended, supplemented, restated, or otherwise modified prior to the Petition Date, the "Prepetition 4.875% Notes Indenture") by and among At Home Group Inc., as issuer, the guarantors party thereto, and U.S. Bank National Association, as trustee and notes collateral agent; and/or (vi) that certain Intercompany Note, dated as of May 12, 2023 (as amended, supplemented, restated, or otherwise modified prior to the Petition Date, the "Prepetition Intercompany Note Agreement," and together with the Prepetition ABL Credit Agreement, the Prepetition Term Loan Agreement, the Prepetition Cayman Notes Indenture, the Prepetition Exchange Notes Indenture, and the Prepetition 4.875% Notes Indenture, the "Prepetition Credit Documents") by and among At Home Group Inc., as issuer, the guarantors party thereto, Delaware Trust Company, as administrative and intercompany notes collateral agent, and At Home Cayman, as holder; (b) the incurrence of new money first-out delayed draw term loans in an aggregate principal amount of

up to $200 million (the "Tranche A DIP Loans"); and (c) the incurrence of a roll-up of existing Pari First Lien Obligations (as defined in the DIP Documents) into second-out term loans in an aggregate principal amount of up to $400 million (the "Tranche B DIP Loans" and, together with the Tranche A DIP Loans, the "DIP Facility") pursuant to a Senior Secured Superpriority Debtor-in-Possession Credit Agreement between, *inter alios*, Ambience Intermediate, Inc. as holdings, At Home Group Inc. as the borrower, each of the other Companies party thereto as guarantors, and GLAS USA LLC as administrative agent and as collateral agent (the "DIP Credit Agreement");

FURTHER RESOLVED, that in order to use and obtain the benefits of (a) the DIP Facility and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Filing Entities will provide certain liens, claims, and adequate protection to the Prepetition Secured Lenders (the "Adequate Protection Obligations") documented in a proposed order in interim and final form (collectively, the "DIP Orders") and submitted for approval to the Bankruptcy Court, and, to the extent that each Company is required to obtain consent from the Prepetition Secured Lenders to enter into any of the DIP Documents (as defined herein), such consent has been (or will be) obtained from the Prepetition Secured Lenders;

FURTHER RESOLVED, that the form, terms, and provisions of the DIP Orders to which the Filing Entities are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized and empowered, in the name of and on behalf of the Filing Entities, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Orders and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Filing Entities are or will be parties, including, but not limited to, each Credit Document (as defined in the DIP Credit Agreement), each Fee Letter (as defined in the DIP Credit Agreement) and each Security Document (as defined in the DIP Credit Agreement) (collectively with the DIP Orders, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on the terms or substantially on the terms submitted to each Governing Body, with such changes, additions, and modifications thereto as the officers of the Filing Entities executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

FURTHER RESOLVED, that the Filing Entities, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on their assets to secure such obligations;

FURTHER RESOLVED, that the Authorized Signatories of the Filing Entities be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and (i) execute the DIP Transactions, including delivery of, (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents, (b) such other

instruments, certificates, notices, assignments, and documents as may be reasonably requested by any agent under the Prepetition Credit Documents or the DIP Documents (each, an "<u>Agent</u>"), and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents and perform or cause the Filing Entities to perform the obligations thereunder; (ii) grant and continue to grant liens on its property as set forth in the DIP Documents and to take such further action to maintain and perfect such liens and otherwise as necessary to effect the purposes of the DIP Documents, including, without limitation, to pledge and deliver stock certificates and promissory notes and to execute and deliver any and all certificates and intellectual property security agreements; and (iii) guarantee obligations, as applicable, pursuant to the DIP Documents and the terms of the DIP Facility;

**FURTHER RESOLVED**, that each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities to file or to authorize the Agents to file any Uniform Commercial Code (the "<u>UCC</u>") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Filing Entities that the Agents deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Filing Entities and such other filings in respect of intellectual and other property of the Filing Entities, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the DIP Orders; and

**FURTHER RESOLVED**, that each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Filing Entities in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, to arrange for, negotiate, and enter into supplemental agreements, amendments, instruments, certificates, consents, or documents relating to the transactions contemplated by any of the DIP Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates, consents, or documents in the name and on behalf of each Filing Entity, which shall in their sole judgment be necessary, proper, or advisable to perform the Filing Entities' obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

5. <u>**General**</u>

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, convenient,

or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Governing Body;

**FURTHER RESOLVED**, that (a) the foregoing resolutions may be executed and delivered electronically (including by facsimile or portable document format (pdf) transmission), (b) these resolutions may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument, and (c) facsimile and other electronic copies of manually signed originals shall have the same effect as manually-signed originals and shall be binding on the Governing Bodies and each Company; and

**FURTHER RESOLVED**, that all actions taken by any of the Authorized Signatories of the Companies and their subsidiaries prior to the date of these resolutions that are within the authority conferred hereby are hereby in all respects authorized, ratified, confirmed, and approved, and are hereby authorized and directed to file a signed copy of these resolutions, along with any electronic transmission or transmissions received by the Companies expressing the consent of a director to the approval and adoption of the resolutions set forth herein, in the minute book of the Companies and to certify and deliver, to any person to whom such certification and delivery may be deemed necessary, appropriate, or advisable in the sole discretion of such Authorized Signatory (or equivalent), a true copy of the foregoing resolutions.

\* \* \* \* \*

**SCHEDULE 1**

| Company | Jurisdiction |
|---|---|
| Ambience Parent, Inc. | Delaware |
| Ambience Intermediate, Inc. | Delaware |
| At Home Group Inc. | Delaware |
| At Home Holding II Inc. | Delaware |
| At Home Holding III Inc. | Delaware |
| At Home RMS Inc. | Delaware |
| At Home Procurement Inc. | Delaware |
| At Home Assembly Park Drive Condominium Association | Michigan |

**SCHEDULE 2**

| Company | Jurisdiction |
|---|---|
| At Home Companies LLC | Delaware |
| At Home Stores LLC | Delaware |
| At Home Gift Card LLC | Virginia |
| At Home Properties LLC | Delaware |
| 1000 Turtle Creek Drive LLC | Delaware |
| 10460 SW Fellowship Way LLC | Delaware |
| 10800 Assembly Park Dr LLC | Delaware |
| 11501 Bluegrass Parkway LLC | Delaware |
| 12990 West Center Road LLC | Delaware |
| 1376 E. 70th Street LLC | Delaware |

| | |
|---|---|
| 15255 N Northsight Blvd LLC | Delaware |
| 1600 East Plano Parkway, LLC | Delaware |
| 1720 N Hardin Blvd LLC | Delaware |
| 19000 Limestone Commercial Dr, LLC | Delaware |
| 1944 South Greenfield Road LLC | Delaware |
| 2016 Grand Cypress Dr LLC | Delaware |
| 2301 Earl Rudder Frwy S LLC | Delaware |
| 300 Tanger Outlet Blvd LLC | Delaware |
| 3002 Firewheel Parkway LLC | Delaware |
| 3015 W 86th St LLC | Delaware |
| 334 Chicago Drive, LLC | Delaware |
| 3551 S 27th Street LLC | Delaware |
| 361 Newnan Crossing Bypass LLC | Delaware |
| 4200 Ambassador Caffery Pkwy LLC | Delaware |
| 4304 West Loop 289 LLC | Delaware |
| 4700 Green Road LLC | Delaware |
| 4801 183A Toll Road, LLC | Delaware |
| 7050 Watts Rd LLC | Delaware |
| 8651 Airport Freeway LLC | Delaware |
| 9570 Fields Ertel Road LLC | Delaware |
| Compass Creek Parkway LLC | Delaware |
| Nodal Acquisitions, LLC | Delaware |
| Rhombus Dev, LLC | Delaware |

| Transverse II Development LLC | Delaware |